### POTTER v. BOARD OF COUNTY COM'RS OF CHAFFEE CO.

*(Circuit Court, D. Colorado. January 12, 1888.)*

COUNTIES—ISSUANCE OF BONDS—VALIDITY—RECITALS.
    The recitals in a bond, issued under Acts Colo. 1881, authorizing counties to fund their debts, which show full compliance with the act, but not the amount of the issue, will estop the county from alleging, against a *bona fide* holder, that the bond was issued in violation of the constitutional limitation.

At Law. On motion for judgment on the pleadings.
*Teller & Orahood,* for plaintiff.
*G. K. Hartenstein,* for defendant.

BREWER, J. Andrew Potter against the County of Chaffee is a suit on county bonds in which the defense presented is that the bonds were issued in exchange for warrants void because issued in the first instance in violation of the constitutional limitation as to county indebtedness.

In the course of the argument which was had, the decision of the supreme court of Colorado, in *Board County Com'rs v. People,* 14 Pac. Rep.

47, was referred to, in which that court passed upon one of the constitutional sections in reference to the limits of county indebtedness. I think it unnecessary to consider that case in this action. Conceding—and of course that will be, in the federal as in all other courts, the assumption—that that gives a correct construction of the constitutional section, the question here is whether, with the limitations contained in that section, as thus defined, the defendant has a valid defense to the action on these bonds. That decision recognizes the fact, as does the constitutional section, that a county may be indebted, and that it may issue bonds, and, in 1881, the legislature of Colorado passed an act authorizing the counties to fund their floating indebtedness. The act is found on page 85, Sess. Acts 1881. In pursuance of that act, the county of Chaffee issued these bonds, which contain full recitals, showing compliance with all the provisions of that act. It is unnecessary to read them. And the question is, whether the county is not estopped by those recitals from presenting this defense. The act does not limit the issue of bonds; that is, it does not place any amount, any numbers, as the limit which any county may issue. It authorizes the funding of the floating indebtedness. Of course, that means the valid indebtedness. It gives to the county commissioners the duty of issuing these bonds, and exchanging them at par for the outstanding warrants; and the limitation, and the only limitation, placed in the act, is that the whole amount of bonds issued under this act shall not exceed the sum of the county indebtedness at the date of the first publication of the notice, and that amount is to be determined by the county commissioners, and a certificate made of the the same, and made a part of the records of the county. The duty is placed upon the county commissioners of determining the amount. The legislature does not prescribe it. This bond, which purports to be one of a series, nowhere upon its face contains any statement of the amount of bonds issued, or to be issued, by that county; no one upon examination of one bond could say whether one thousand or a hundred thousand dollars were, or were to be, issued by the county. It refers to the act, declares it is issued in pursuance of the act, and upon the proper election having been held.

Now this question of the effect of recitals in a bond, as estopping the county or municipality, has been again and again considered by the supreme court, and, until the decision in the case of *County of Dixon* v. *Field,* 4 Sup. Ct. Rep. 315, which is relied upon by the defendant, I suppose the universal voice of the bar would affirm that the supreme court had settled beyond any question that recitals as full and complete as these estopped a county from denying the validity of the bonds in the hands of a *bona fide* purchaser. It has been supposed by some that this case of *County of Dixon* v. *Field* has reversed prior decisions, and established a new rule. I am frank to say that I think it is quite difficult to appreciate the distinction which Mr. Justice MATTHEWS draws between that case and the case of *Marcy* v. *Township of Oswego,* 92 U. S. 637; but even with the rule as laid down in *County of Dixon* v. *Field,* it will not avail the defendant in this case.

Turning to the case of *Buchanan* v. *Litchfield*, 102 U. S. 278, where the question was whether the issue was in excess of the amount authorized to be issued, and where the court held that the recitals in the bond were not such as to estop the city, they say: "Had the bonds made the additional recital that they were issued in accordance with the constitution, or had the ordinance stated, in any form, that the proposed indebtedness was within the constitutional limit, or had the statute restricted the exercise of the authority therein conferred to those municipal corporations whose indebtedness did not at the time exceed the constitutional limitation, there would have been ground for holding that the city could not, as against the plaintiff, dispute the fair inference to be drawn from such recital, or statement, as to the extent of the existing indebtedness." Then, passing to the case of *Bank* v. *Porter Tp.*, 110 U. S. 608, 4 Sup. Ct. Rep. 254, the court decided that "the facts which a municipal corporation issuing bonds in aid of a railroad is not permitted, against a *bona fide* holder, to question, in the face of a recital in the bond of their existence, are those connected with, or growing out of, the discharge of the ordinary duties of such of its officers as were invested with authority to execute them, and which the statute conferring the power made it their duty to ascertain and determine before the bonds were issued." Here, the statute in terms gave the county commissioners not merely the power to issue these bonds and exchange them for warrants at par, but the power of determining the amount they should issue. That was one of the matters within their ordinary duties, and which they were invested with authority to ascertain and determine. Now, when we come to this case of *County of Dixon* v. *Field*, 111 U. S. 83, 4 Sup. Ct. Rep. 315, we find these to be the facts: The constitution prescribed a limitation, that the amount should not be over 10 per cent. I believe, of the assessed valuation—the amount is immaterial. That was a constitutional limit of the amount that could be issued, and that limit was a limit based upon the assessed valuation. The county of Dixon issued a series of bonds, which, on their face, showed that the issue was $87,000. Every bond, therefore, carried notice to the purchaser that the issue of bonds made by the county was $87,000; and it was held that that being apparent upon the face of the bonds, the purchaser was also charged with notice of the amount of the assessed valuation of the property in the county, because it was a matter appearing upon the records of the county; it was a matter of which the county commissioners could not and did not determine. It was a matter over which they had no control, and the recital of a fact of which they had no control, no authority to determine, was not such a recital as estopped the county. So, the purchaser, informed by the face of the bond of the amount of the issue, and charged with notice of the amount of the assessed valuation, took the bond with notice of its invalidity. But in this case there is nothing upon the face of the bond which shows how many bonds were to be issued, how large the series was. The statute, in terms, gave to the county commissioners the power to determine the amount to be issued, and no man could, by an examination of the bond, get any information

as to the amount of the issue, or by comparing any information given by the bond with the record notice of the assessed valuation, know that the county had exceeded its power in the issue of the bond. So that, taking the case of *County of Dixon* v. *Field* as the latest annunciation of the supreme court in respect to the rule of decision, it must be held that the county is estopped from pleading in this case that the bond was issued in exchange for a void warrant.

Motion for judgment in favor of plaintiff sustained.